Marr *v.* Clark.

SYLVESTER MARR & al., *Pet'rs for Certiorari, versus*
EDGAR. R. CLARK & als.

The disclosure of a poor debtor, who has procured his release from arrest on *mesne process*, by giving the bond mentioned in R. S., c. 113, § 16, is a statute proceeding.

To be effectual, the provisions of the statute relating thereto and the condition of the bond must be complied with.

If the debtor disclose and show that he has filed his petition in bankruptcy and has been duly declared a bankrupt, and thereupon refuses to "submit himself to" further "examination," and to "make true disclosure of his business affairs and property on oath;" and the justices refuse to hear any other legal and pertinent evidence adduced by the creditor, the debtor will not thereby entitle himself to a discharge.

If a discharge be granted in such case, the proceedings of the justices will be quashed on *certiorari*.

ON EXCEPTIONS.

PETITION FOR CERTIORARI to quash the proceedings of justices of the peace and quorum whereby they gave, to the respondent Clark, the discharge mentioned in R. S., c. 113, § 31, to relieve him from a bond given by him to the petitioners, under R. S., c. 113, § 16, to procure his release from arrest on *mesne process*.

The 3d error assigned was : —

Because said justices improperly restrained the examination of said Edgar by said creditors, and did not·require said Edgar to answer pertinent and proper inquiries put by said creditors.

The following is a copy of so much of the justices' record sent up as is essential.

" 1st Interrogatory by Emery, one of the justices.

" Have you any real or personal estate ?

" *Ans.* — No, sir.

" 2d. Have you any private property of any kind, if yes, state what ?

" *Ans.* — I have none.

" 3d. Have you directly or indirectly sold, conveyed or

disposed of, or intrusted to any person, any real estate or personal property to secure it, or receive any benefit of it to yourself or others since the contraction of the debt upon which you are disclosing?

"*Ans.* —I have not. I have filed my petition in bankruptcy, and have been adjudged a bankrupt and will produce my certificate."

[Certificate of bankruptcy produced.]

"Questions by creditors' attorney.

"1. What was your business during the year 1865; when and how carried on; and what has it been since?"

"*Ans.* —I refuse to answer further, because I have made a full disclosure by the foregoing answers.

"2. I propose to ask in behalf of the creditors numerous questions pertinent to the subject matter of inquiry; do you say you will not answer such questions?

"*Ans.* —I shall answer no further until the question is decided whether I have made a full disclosure by the above." * * * "Edgar R. Clark."

"York, ss., Aug. 7, 1867.

"Then personally appeared Edgar R. Clark aforesaid, and made oath that the foregoing disclosure by him made and subscribed is true.

"Before me, Wm. Emery, Justice of the Peace."

Previously to the administering of the oath the attorney of the creditors filed the following protest :—

"York, ss., Biddeford, Aug. 7, 1867.

"Before William Hobson, William Emery and Gorham N. Weymouth, three Justices of the Peace and quorum in and for said county, hearing disclosure of Edgar R. Clark, of said Biddeford, upon citation to Sylvester Marr and John H. True of Portland, State of Maine. And now, by their attorney, said creditors come and ask leave to interrogate the said debtor fully as to his estate and effects, their disposal and his ability to pay the debt upon which he was arrested; and also ask to be permitted to introduce other legal and pertinent evidence upon that subject; and they protest

against any limitation or restriction of their rights to such examination and procedure, either upon the plea of bankruptcy or any other pretext.

> " John H. True and Sylvester Marr,
> " By Edwin B. Smith, their attorney."

And, subsequently to the administering of the oath, the attorney of the creditors renewed his protest in the form following : — " And the majority of said justices of the peace and quorum refuse to allow the creditors (by their attorney) to put the questions and introduce the evidence above indicated.   They protest anew, and, after said debtor's alleged disclosure was signed and sworn to, said creditors renewed their offer to introduce the evidence aforesaid, and were refused the privilege, and again protest.

> " By Edwin B. Smith, Attorney."

" The undersigned, having considered the foregoing requests, have overruled the same, because the debtor, having made answers to certain questions, as appears by this disclosure, and having. disclosed that he has been adjudged a bankrupt and presented the legal proof of the same, we consider he has made a full disclosure in compliance with the bond referred to in his application to the magistrates.

> " William Emery,
> " Gorham N. Weymouth."

Upon inspection of the record certified up, the presiding Judge ordered that the proceedings of the justices be quashed ; to which ruling the respondent alleges exceptions.

*S. K. & B. F. Hamilton*, for the respondent, cited *Haywood, pet'r*, 10 Pick., 358 ; *Commonwealth* v. *Roxbury*, 8 Mass., 457 ; *Same* v. *Westborough*, 3 Mass., 406.

*Edwin B. Smith*, for the petitioners.

DANFORTH, J. — The respondent Clark attempted to disclose under the provisions of c. 113 of the Revised Statutes before the other respondents, for the purpose of relieving himself from a bond he had previously given the petitioners to procure his discharge from arrest on *mesne process.*

Marr *v.* Clark.

This is a statute proceeding, and, to make it effectual, the provisions of the statute as well as the condition of the bond must be complied with. Both the statute and the bond require that the debtor "shall submit himself to examination" and "make true disclosure of his business affairs and property under oath;" "that the justices shall hear other legal and pertinent evidence adduced by the * * * creditor," and that "the creditor may propose to the debtor any interrogatories pertinent to the inquiry." R. S., c. 113, §§ 16, 17, 26 and 27.

In this case, the debtor refused to answer "interrogatories pertinent to the inquiry," and to "make a true disclosure of his business affairs and property," and the justices, refusing to hear other legal and pertinent testimony from the creditor, administered the oath. In so doing, they acted, as the record shows, not only upon wrong conclusions in matters of fact, but also upon erroneous principles of law and in direct violation of the provisions of the statute. *Little, pet'r,* v. *Cochrane & al.,* 24 Maine, 559.

This mistaken view of the law on the part of the justices seems to have been founded upon the fact that the debtor had been decreed a bankrupt. From this they drew the inference that no further disclosure was necessary, for that law disposed of all the debtor's property for the benefit of all his creditors alike. This last proposition may be true and yet afford no excuse from further disclosure.

The simple fact of bankruptcy is not a "true disclosure of his business affairs and property." The statute requires more than that the debtor's property should go to his creditors. It is not enough that the debtor, at the time of his disclosure, has no property liable to be taken to pay his debts. He must be able to show by his own oath, at least, that, since the debt for which he is arrested, or any part of it accrued, he has acted fairly and honestly toward all his creditors; that he has not directly or indirectly disposed of any of his property with intent to defraud any of them. Other-

wise· he is not entitled to the oath, though he may not have a single dollar with which to pay the debt. In such case the bond would remain in force and the creditor would have his remedy upon that.

If the bankrupt law will relieve the debtor from fulfilling the conditions of his bond, he may avail himself of that relief in any legitimate way. But he has sought his discharge in a method entirely independent of the bankrupt law. He has elected to rely, not upon a release from his bond, but upon a fulfilment of its conditions.

The only question presented under this process is whether he has done all that his obligation under the statute requires. As already seen, it is clear he has not. The erroneous construction of the law, adopted by the justices, has deprived the creditors of their legal rights.

*Exceptions overruled.*

*Proceedings of the justices quashed.*

Appleton, C. J., Walton, Barrows and Tapley, JJ., concurred.